# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARSHALL** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-1128** |
| **STATE OF LOUISIANA,** *et al.* | **SECTION: "G"(2)** |

## ORDER

Before the Court is Defendants Law Enforcement District for the Parish of Orleans and Sheriff Marlin Gusman's (collectively "Defendants") "Motion to Set Aside Clerk's Entry of Default."[1] The pending motion was filed on September 1, 2015 and set for submission on September 16, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff Donald L. Marshall, Jr. ("Marshall") has filed no opposition at this time, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[2] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

## I. Background

On April 9, 2015, Plaintiff filed a putative class action complaint against Defendants, as well as the State of Louisiana ("Louisiana"), seeking unpaid wages and overtime under the Fair Labor Standards Act ("FLSA").[3] Summons were served on Defendants and returned executed on July 10,

---

[1] Rec. Doc. 15.

[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 1 at p. 7 (citing 29 U.S.C. § 201 *et seq.*).

2015.[4] On August 19, Plaintiff filed a motion for entry of default based on Defendants' failure to plead or otherwise defend in this litigation.[5] The Clerk of the Court granted Plaintiff's request, and a default was entered on August 20, 2015.[6]  Defendants filed an answer on August 20, 2015, the same day the default was entered against them.[7] Defendants then filed the pending Motion to Set Aside Default on September 1, 2015.[8] Plaintiff has filed no opposition.

## II. Parties' Arguments

Defendants request that this Court set aside the Clerk's "Entry of Default" because they believe that Marshall did not sufficiently serve them with process in accordance with the Federal Rules of Civil Procedure.[9] Defendants claim that personal service was made upon the Sheriff's administrative assistant, Dana Bell, and not upon the Sheriff, as required by Rule 4 of the Federal Rules of Civil Procedure.[10]

Moreover, Defendants urge the Court to consider the severity of granting a default,[11] as well as to note that Defendants have since voluntarily answered the Complaint and intend to defend against it.[12] In the alternative, Defendants argue that this case does not involve a sum certain and that

---

[4] Rec. Doc. 10; Rec. Doc. 11.

[5] Rec. Doc. 12.

[6] Rec. Doc. 13.

[7] Rec. Doc. 14.

[8] Rec. Doc. 15.

[9] Rec. Doc. 15-1 at p. 1.

[10] *Id.* at p. 2.

[11] *Id.* at p. 3.

[12] *Id.* at p. 4.

even if they are technically in default, Plaintiff is not entitled to a default judgment as a matter of right.[13] Finally, Defendants argue that because the lawsuit contains a third defendant, Louisiana, the default should be set aside to avoid the possibility of an inconsistent judgment as to all the defendants.[14]

Marshall has not filed an opposition to Defendants' "Motion to Set Aside Clerk's Entry of Default."

### III. Law and Analysis

**A.**    ***Setting Aside an Entry of Default***

    **1.**     **Legal Standard**

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default if the party seeking relief shows good cause.[15] "The decision to set aside a default decree lies within the sound discretion of the district court."[16] However, "because modern federal procedure favors trials on the merits," should a district court not set aside default, "an abuse of discretion need not be glaring to justify reversal."[17] Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default.[18] While a motion to set aside an entry of default is similar to a motion to set aside a default judgment under Rule 60(b), the Fifth Circuit has stated that a motion

---

[13] *Id.* (citing *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d 784, 796 (E.D. La. 2013).

[14] *Id.*

[15] Fed. R. Civ. P. 55(c).

[16] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

[17] *Id.*

[18] *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

3

to set aside the entry of default "is more readily granted than a motion to set aside a default judgment."[19] The standard used when setting aside an entry of default is "good cause."[20]

Under Rule 55(c), good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."[21] When utilizing the "good cause" standard, courts typically consider (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented, among other possible factors.[22] In the Fifth Circuit, the "good cause" test is disjunctive.[23] "All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored."[24] Additionally, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."[25] As such, "the requirement of good cause has generally been interpreted liberally."[26]

---

[19] *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008).

[20] *See id.*

[21] *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

[22] *Id.* Courts may also consider, for example, whether the public interest was implicated, whether there was a significant financial loss to the defendant, whether the defendant acted expeditiously to correct the default, or any other factor that can help identify circumstances in which there is "good cause" to set aside a default. *Id.* at 184.

[23] *Id.* at 184.

[24] *Lambert v. Bd. of Comm'rs of the Orleans Levee Dist.*, No. 05–5931, 2006 WL 1581262, at *2 (E.D.La. June 7, 2006) (Vance, J.) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ( "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (internal quotations omitted)).

[25] *Lacy*, 227 F.3d at 292.

[26] *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

4

## 2.   Analysis

As noted above, when assessing a motion to set aside an entry of default, a court must consider three factors: (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.[27] The bulk of Defendants' arguments, regarding service of process, largely address the first factor of the analysis. All three factorss, however, ultimately weigh in favor of setting aside the clerk's entry of default.

### a.   Whether Default was Willful

Whether a defendant's failure to timely answer was willful is a finding of fact left for the district court to determine.[28] Should the district court find that the default was willful, the court need not address any other factors, and the Court of Appeals will uphold the district court so long as its finding was not clear error.[29] However, a district court may find that even in situations where the defendant willfully failed to answer or file responsive pleadings, the balance of the factors favors setting aside the entry of default.[30]

Defendants do not directly address the question of whether their conduct was willful. They imply that it was not, however, by claiming that the default should be set aside because the Sheriff

---

[27] *Dierschke*, 975 F.2d at 183.

[28] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

[29] *In re OCA*, 551 F.3d 359, 376 (5th Cir. 2008).

[30] See *Oddo v. Homecoming Fin. LLC*, No. 06–6888, 2007 WL 1192159 (E.D. La. Apr. 20, 2007) (Zainey, J.) ("Defendants' 'excuses' for failing to respond to Plaintiffs' lawsuit demonstrate either that they wilfully ignored the complaint or were just grossly incompetent in their handling of the complaint. Nevertheless, a judgment has not yet been entered against Tenet and Direct Mortgage and they have moved expeditiously to set aside the entries of default. The docket sheet reveals that little has taken place so far in this litigation except with regard to the instant defaults. Given the Fifth Circuit's policy in favor of resolving cases on their merits, the Court in its discretion will vacate the entries of default.").

was never properly served with process.[31] Service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.[32] Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service of process to be made upon individuals within any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(j)(2) of the Federal Rules of Civil Procedure requires service upon a local government to be effectuated by delivering a copy of the summons on the chief executive officer, or by serving process in accordance with state law. Louisiana Code of Civil Procedure art. 1265 provides that a public entity may be served by personally serving its chief executive officer, and that public officers may be served personally at their offices. In the absence of the chief executive or public officer, however, service on both public entities and public officers may be effectuated upon any employee of suitable age and discretion.[37]

Defendants' position is that, under both the federal and state rules of civil procedure, Sheriff Gusman, as chief executive officer for the Orleans Parish Sheriff's office, should have been personally served both as an individual defendant and on behalf of the Law Enforcement District.[38] In their motion, Defendants aver that service was made upon Dana Bell, an administrative assistant, and not upon Gusman.[39] In an affidavit, Sheriff Gusman states that Bell is not authorized to accept service on his behalf, on behalf of the Orleans Parish Sheriff's Office, or the Orleans Parish Law

---

[31] Rec. Doc. 15-1 at p. 1.

[32] *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 934, 941–42 (5th Cir. 1999).

[37] LA. CIV. CODE art. 1265.

[38] *See* Rec. Doc. 15-1 at p. 2.

[39] *Id.* at pp. 2–3.

Enforcement District.[40]

Defendants have not presented, and this Court has not found, any authority stating that the "suitable age and discretion" standard requires that process may only be served upon political entities or public officials through an authorized agent.[41] However, in the domiciliary service context, by analogy, Louisiana courts appear to construe the "suitable age and discretion" language fairly liberally. In one case, for example, the Fourth Circuit Court of Appeal held that an 11-year-old stepson of a defendant was of suitable age and discretion to accept service of process.[42]

Although there are limited cases on point, this Court could find only one in which service upon an employee of a political division was found insufficient.[43] In that case, service was deemed insufficient only because a more specific state statute regarding service on school boards stated that citations must be served upon the president of the board or, in his absence, the vice president.[44] Defendants have pointed to no similar rules or regulations prohibiting service upon employees of the Sheriff's Office, and they do not make any claim that Bell was otherwise of either unsuitable age or discretion to accept service on behalf of Gusman or the Law Enforcement District for the Parish of Orleans. Without more, it appears that contrary to their protests, Defendants may have in fact been properly served.

Assuming service of process was proper, the Court need not speculate as to what was the cause of Defendants' failure to timely answer the Complaint against them. Doubts are to be resolved

---

[40] Rec. Doc. 15-2 at p. 2.

[41] *See* LA. CIV. CODE art. 1261.

[42] *First Nat. Bank of Jefferson Par. v. Rall*, 607 So. 2d 716, 719 (La. Ct. App. 1992).

[43] *Jackson v. St. John the Baptist Par. Sch. Bd.*, 13-103, p. 7  (La. App. 5 Cir. 6/27/13), 121 So. 3d 164, 169.

[44] *Id.*

in favor of a trial on the merits.[45] Marshall has offered no evidence, and the Court finds none in the Record, suggesting that Defendants' conduct was anything more than neglectful, or that it was in fact willful. Defendants waited less than two weeks after the Clerk entered the default to file the motion to set it aside, and they filed an answer on the same day as the default was entered against them.[46] Without clear evidence that the Defendants' failure to timely answer was willful, the Court must consider other factors.

### b.    Whether Setting Aside the Entry of Default Would Prejudice Marshall

Defendants aver that setting aside the default would not prejudice Marshall, as it would merely require him to prove his case against them.[47] The Fifth Circuit has held that "mere delay does not alone constitute prejudice."[48] Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[49]

Marshall offers no opposition to this motion, and therefore the Court may not substitute for the plaintiff an argument that setting aside the entry of default would risk such prejudice. Moreover, courts have found that when defendants move to set aside default early on in litigation, plaintiffs likely will not suffer prejudice if the default is set aside.[50] The Court notes that Defendants answered the complaint on the same day that a default was entered against them, and very little activity had

---

[45] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

[46] Rec. Doc. 15; Rec. Doc. 14.

[47] Rec. Doc. 15-1 at p. 5–6 (citing *Lacy,* 227 F.3d at 293).

[48] *Lacy*, 227 F.3d at 293.

[49] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

[50] *Lambert v. Bd. of Comm'rs of the Orleans Levee Dist.*, No. 05–5931, 2006 WL 1581262, at *3 (E.D.La. June 7, 2006) (Vance, C.J.).

elapsed in the case prior to their failure to answer. Discovery has not yet commenced, and no trial date or deadlines have been set. The only harm that Marshall may suffer is that he will be required to prove its case, and such harm does not constitute prejudice.[51] Thus, the Court finds that setting aside the entry of default will not prejudice Marshall.

### c.   Whether Defendants Have Presented a Meritorious Defense

Under a Rule 55(c) analysis, likelihood of success is not the measure of whether a meritorious defense is presented.[52] Rather, "Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense. In fact, even 'broad and conclusory' allegations meet the meritorious defense criterion for setting aside an entry of default."[53] "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[54]

On the day that a default was entered against Defendants, they filed an answer responding to each of Marshall's claims.[55] Their response raised "some possibility" that Defendants may prevail at trial because they contest whether Marshall's activities were in fact compensable under the FLSA.[56] The Court finds that Defendants have shown that a "meritorious defense" may exist, and therefore this factor favors setting aside the entry of default.

---

[51] *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (holding that "the setting aside of the default has done no harm to plaintiff except to require it to prove its case").

[52] *Sea Horse Marine Inc. v. Black Elk Energy Offshore Operations, L.L.C.*, No. 15-1082, 2015 WL 4079831, at *4 (E.D. La. July 6, 2015) (Brown, J.).

[53] *Howard v. United States*, No. 93-1520, 1993 WL 353506, at *3 (E.D. La. Sept. 8, 1993) (Clement, J.) (*citing Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)).

[54] *In re OCA*, 551 F.3d 359, 373 (5th Cir. 2008) (internal citations omitted).

[55] Rec. Doc. 14.

[56] *Id.* at p. 2.

### B. Remaining Arguments

Defendants present two alternative arguments for setting aside the entry of default. First, Defendants argue that Plaintiff is not entitled to a default judgment as a matter of right because this case is not a case of a sum certain upon which a default judgment can be granted.[57] Considering the Court will grant Defendants' motion to set aside the entry of default, Defendants are no longer at risk of facing a default judgment, and the Court need not address this argument.

Lastly, Defendants argue that  because a third defendant - Louisiana - remains in the case, the default should be set aside to avoid the possibility of an inconsistent judgment as to all the defendants.[58] However, Louisiana filed a Motion to Dismiss for Lack of Jurisdiction on July 13, 2015  that was unopposed,[59] and which this Court granted on September 21, 2015.[60] Therefore Louisiana is no longer a defendant in this case, and this argument is now inapplicable to the case.

---

[57]  Rec. Doc. 15-1 at p. 4 (citing *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d 784, 796 (E.D. La. 2013).

[58] *Id.* at p. 5.

[59] Rec. Doc. 7.

[60] Rec. Doc. 17.

### IV. Conclusion

For the reasons set forth above, the Court finds that each of the factors considered weighs in favor of setting aside the clerk's entry of default. Accordingly,

**IT IS ORDERED** that Defendants' "Motion to Set Aside Default"[61] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  22nd day of September, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[61] Rec. Doc. 15.