## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARSHALL**                                        **CIVIL ACTION**

**VERSUS**                                          **NO. 15-1128**

**LOUISIANA STATE, et al.**                         **SECTION: "G"(2)**

## ORDER

Pending before the Court is Defendants Law Enforcement District for the Parish of Orleans and Marlin N. Gusman's "Partial Motion for Summary Judgment."[1] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in part.

## I. Background

On April 9, 2015, Plaintiff Donald L. Marshall ("Plaintiff") filed a putative class action complaint against Sheriff Marlin N. Gusman, in his official capacity as Sheriff of Orleans Parish, and the Law Enforcement District for the Parish of New Orleans (collectively, "Defendants"), seeking unpaid wages and overtime under the Fair Labor Standards Act ("FLSA").[2] Marshall alleges that, in the three years prior to filing his complaint, he worked for Defendants as a deputy sheriff, and that he and other similarly situated individuals were not paid in compliance with the

---

[1] Rec. Doc. 109.

[2] Rec. Doc. 1 at 1. Marshall initially filed suit against the State of Louisiana as well, but the Court dismissed the state as a defendant, on sovereign immunity grounds, on September 21, 2015. Rec. Doc. 17.

FLSA.[3] Specifically, Plaintiff, on behalf of himself and others similarly situated, seeks wages and overtime for time spent less than 30 minutes prior to his shift and for up to 30 minutes after his shift for which he was not paid.[4] On January 22, 2016, the Court conditionally certified the action as a collective action pursuant to 29 U.S.C. § 216(b) and ordered that notice be sent to:

> All individuals who worked for or are working for Defendants, Marlin N. Gusman, in his official capacity as Sheriff of Orleans Parish, and the Law Enforcement District for the Parish of Orleans, who are or were employed at any of the following: Civil District Court; Criminal District Court; Municipal District Court; the Temporary Detention Center; the Orleans Parish Prison; Templeman Phase V; the Tents; and the Conchetta facility, performing the duties of a sheriff's deputy, and working on a tour of duty shift schedule, in the three years directly preceding April 9, 2015, and who are or were eligible for overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and who did not receive overtime pay or straight time pay for hours actually worked.[5]

After notice was sent, ninety-nine individuals opted in to the action by filing a consent and joinder with the Court.[6] On November 22, 2016, Defendants filed the instant motion for summary judgment as to those individuals who failed to timely file their opt-in notices and/or worked at a facility not covered by the opt-in class.[7] Plaintiff filed an opposition to the motion on December 13, 2016.[8]

---

[3] Rec. Doc. 1 at 1.

[4] *See id.* at 8.

[5] Rec. Doc. 25 at 29.

[6] *See* Rec. Docs. 31, 33–39, 43–47, 49, 58–59, 61–62.

[7] Rec. Doc. 109.

[8] Rec. Doc. 121.

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion for Partial Summary Judgment*

In their motion, Defendants assert that under FLSA, an action must commence within two years after the cause of action accrues, or within three years if the alleged violation was "willful."[9] Defendants further assert that an action is "commenced" for purposes of an opt-in plaintiff on the date that the opt-in plaintiff files a written consent to join the litigation.[10] Defendants contend that the FLSA claims of thirteen of the opt-in plaintiffs are undisputedly barred by the statute of limitations.[11] According to Defendants, those thirteen opt-in plaintiffs whose claims are barred by the statute of limitations are: Robert P. Carr, Nicole S. Clay, Cynthia Donald, Trina Griffin, Kevin Jones, Corey Lewis, Rennell Lowe, Robert Nolan, Brandon Prevost, Harold Ramson, Ira Thomas, Ronald Ward, and Troylyn Washington.[12]

Additionally, Defendants contend that it is undisputed that six of the opt-in plaintiffs never worked at one of the eight opt-in facilities within the specified timeframe of April 10, 2012 to April 9, 2015.[13] According to Defendants, those six opt-in plaintiffs whose claims are barred because they never worked at one of the eight opt-in facilities are: John Dimatteo, Carylenna Grant, Stephanie Hudson, McRay Mottley, Corey Payne, and Carla Thomas.  Therefore, Defendants argue, summary judgment should be granted as to those opt-in plaintiffs whose claims are untimely

---

[9] Rec. Doc. 109-2 at 3 (citing 29 U.S.C. § 255(a)).

[10] *Id.* (citing 29 U.S.C. § 255(b)).

[11] *Id.*

[12] Rec. Doc. 109-2 at 3.

[13] *Id.* at 4.

and/or who worked at a facility outside those eight facilities covered by the definition of the conditionally certified class.[14]

### B. *Plaintiff's Arguments in Opposition to the Motion for Partial Summary Judgment*

In his opposition, Plaintiff states that he does not oppose summary judgment as to "those individuals whose opt-in forms were received more than three years after the last date of work, based on all discovery provided to Plaintiff."[15] Additionally, Plaintiff has no objection to summary judgment as to the claims of opt-in plaintiffs John Dimatteo, Corey Payne, and McRay Mottley.[16] However, Plaintiff asserts that summary judgment is not appropriate as to the claims of opt-in plaintiffs Carla Thomas ("Thomas") and Stephanie Hudson ("Hudson").[17] As to Thomas, Plaintiff asserts that her verified questionnaire indicates that she worked at facilities covered by the conditionally certified class between 2012 and 2015 and that Defendants' time records show that she was employed by the Orleans Parish Sheriff's Office until at least April of 2015.[18]

As to Hudson, Plaintiff likewise asserts that Defendants' records indicate that she was employed by the Orleans Parish Sheriff's Office until October 2014, within the two and three year statute of limitations.[19] Moreover, Plaintiff contends that Hudson's affidavit and discovery questionnaire responses indicate that she worked at facilities covered by the conditionally certified

---

[14] *Id.*

[15] Rec. Doc. 121 at 3.

[16] *Id.*

[17] *Id.* at 3–4.

[18] *Id.* at 4 (citing Rec. Docs. 121-2, 121-3).

[19] *Id.* (citing Rec. Doc. 121-4).

class.[20] Because genuine disputes as to material issues of fact exist as to the locations of Thomas and Hudson's employment, Plaintiff argues, the Court should deny summary judgment as to the claims of Thomas and Hudson.[21]

### III. Law and Analysis

**A.    *Legal Standard***

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[23] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[24] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[25]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue

---

[20] *Id.* (citing Rec. Docs. 121-5, 121-6).

[21] *Id.* at 4–5.

[22] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[24] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[25] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

of material fact.[26] Where, as here, the non-moving party bears the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[27] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[28] In doing so, the non-moving party may not rest upon mere allegations or denials in his pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[29] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[30] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[31]

**B.     Analysis**

Under FLSA, a cause of action must commence within two years after the cause of action accrued, or within three years if the cause of action arises out of a "willful violation" of FLSA.[32]

---

[26] *Celotex,* 477 U.S. at 323.

[27] *Id.* at 325.

[28] *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied,* 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).

[29] *Morris,* 144 F.3d at 380 (citing *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux,* 675 F.3d 454, 460 (5th Cir. 2012).

[30] *Little,* 37 F.3d at 1075.

[31] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288–89 (1968)).

[32] 29 U.S.C. § 255(a).

The FLSA requires a class plaintiff to opt in to a collective action, and the statute of limitations runs from the opt-in date.[33] Unlike in collective actions controlled by Federal Rule of Civil Procedure 23, claims of unnamed plaintiffs in FLSA collective actions are not tolled by the filing of the named plaintiff's action.[34] Here, Plaintiff does not oppose summary judgment as to "those individuals whose opt-in forms were received more than three years after the last date of work, based on all discovery provided to Plaintiff."[35] Thus, Plaintiff does not oppose summary judgment as to the following opt-in plaintiffs whose opt-in forms were received more than three years after their last day of work and whose claims are barred by the statute of limitations under FLSA: Robert P. Carr, Nicole S. Clay, Cynthia Donald, Trina Griffin, Kevin Jones, Corey Lewis, Rennell Lowe, Robert Noland,[36] Brandin Prevost,[37] Harold Ramson, Ira Thomas, Ronald Ward, and Troylyn Washington.[38]

---

[33] *See Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014) (Berrigan, J.) ("[T]he Fifth Circuit takes a strict view of the FLSA's provision that statute of limitations run from the opt-in date, and courts cannot change the terms of the statute unless warranted by extraordinary circumstances.") (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)).

[34] *See Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (holding that the class action rule for tolling in 29 U.S.C. § 256 requires class plaintiffs to opt in and that the statute of limitations runs from the opt-in date) (citing *Groshek v. Babcock and Wilcox Tubular Prod. Div.*, 425 F.Supp. 232 (E.D. Wis. 1977) (class action rule for tolling contained in 29 U.S.C. § 256 controls over Fed. R. Civ. P. 23 rule regarding tolling of limitations)). *See also In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2009 WL 1649501, at *5 (E.D. La. June 9, 2009) (noting that Rule 23 class actions provide benefits to unnamed class members that do not inure to opt-in class members, such as tolling while class certification is pending).

[35] *See* Rec. Doc. 121 at 3.

[36] Defendants' motion lists this opt-in plaintiff as "Robert Nolan," but the consent form indicates that the opt-in plaintiff's name is actually "Robert Noland." *See* Rec. Doc. 38.

[37] Defendants' motion lists this opt-in plaintiff as "Brandon Prevost," but the consent form indicates that the opt-in plaintiff's name is actually "Brandin Prevost." *See* Rec. Doc. 61.

[38] *See* Rec. Doc. 109-2 at 3.

Accordingly, the Court will grant summary judgment as to these opt-in plaintiffs whose claims are barred by the statute of limitations. Additionally, Plaintiff does not oppose summary judgment as to the claims of opt-in plaintiffs John Dimatteo, Corey Payne, and McRay Mottley, who did not work at one of the eight facilities covered by the conditionally certified class during the applicable time period defined by the Court, between April 10, 2012, and April 9, 2015.[39] Therefore, the Court will grant summary judgment as to the claims of these three opt-in plaintiffs as well.

Plaintiff contends, however, that summary judgment is not appropriate as to Thomas and Hudson, because there is a genuine dispute as to whether Thomas and Hudson worked at one of the facilities covered by the conditionally certified class during the applicable time frame.[40] To support his contentions, Plaintiff points to time records that indicate that Thomas was employed by the Orleans Parish Sheriff's Office until at least April of 2015 and to Thomas's discovery questionnaire responses, which indicate that she worked at covered facilities, the Tents and the Temporary Detention Center, between 2012 and 2015.[41] Likewise, Plaintiff points to Defendants' time records that indicate that Hudson worked with the Orleans Parish Sheriff's Office until October 2014 and to Hudson's discovery questionnaire responses and affidavit, which indicate that she worked at covered facilities, the Tents and the Temporary Detention Center, until October 2014.[42] The Court finds that Plaintiff has pointed to sufficient evidence in the record to raise a

---

[39] *See* Rec. Doc. 121 at 3.

[40] *Id.* at 4.

[41] *Id.*

[42] *Id.*

genuine issue of material fact as to whether opt-in plaintiffs Thomas and Hudson worked at facilities covered by the conditionally certified class during the applicable time period,[43] from April 9, 2012 to April 9, 2015.[44] Accordingly, the Court will deny summary judgment as to the claims of opt-in plaintiffs Thomas and Hudson.

Finally, the Court notes that Plaintiff does not address in his opposition whether summary judgment is appropriate as to the claim of opt-in plaintiff Carylenna Grant ("Grant"). Defendant asserts that summary judgment should be granted as to Grant's claim, because she did not work at one of the eight opt-in facilities within the covered timeframe.[45] The uncontroverted evidence in the record indicates that Grant worked at a facility covered by the conditionally certified class, Templeman Phase V, from April 9, 2012, until July 25, 2012.[46] The conditionally certified class spans the period "three years directly preceding April 9, 2015."[47] Thus, the record indicates that that Grant worked for approximately three and half months at a covered facility during the time period for the conditional class certified by the Court.[48]

However, the record indicates that Grant did not opt in to the collective action until February 26, 2016—more than three years after she worked at Templeman Phase V.[49] Under

---

[43] The Court conditionally certified the class for the period "three years directly preceding April 9, 2015." *See* Rec. Doc. 25 at 29.

[44] *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[45] Rec. Doc. 109-2 at 4.

[46] *See* Rec. Doc. 109-3 at 8.

[47] *See* Rec. Doc. 25 at 29.

[48] *See* Rec. Doc. 25 at 29.

[49] *See* Rec. Doc. 36.

FLSA, a cause of action must commence within two years after the cause of action accrued, or within three years if the cause of action arises out of a "willful violation" of FLSA.[50] Moreover, an opt-in plaintiff's claim is "commenced" "on the subsequent date on which such written consent is filed in the court in which the action was commenced"[51] and is not tolled by the filing of the named plaintiff's action.[52] Because the uncontroverted evidence in the record indicates that Grant did not file a written consent to join the litigation until more than three years after her employment at Templeman V, her claim is barred by the statute of limitations under FLSA[53] and the Court will grant summary judgment as to her claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Partial Motion for Summary Judgment"[54] is **GRANTED** part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendants' motion is granted to the extent that summary judgment is granted as to the claims of opt-in plaintiffs Robert P. Carr, Nicole S. Clay, Cynthia Donald, Trina Griffin, Kevin Jones, Corey Lewis, Rennell Lowe, Robert Noland,[55]

---

[50] 29 U.S.C. § 255(a).

[51] 29 U.S.C. § 256(b).

[52] *See Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (holding that the class action rule for tolling in 29 U.S.C. § 256 requires class plaintiffs to opt in and that the statute of limitations runs from the opt-in date) (citing *Groshek v. Babcock and Wilcox Tubular Prod. Div.*, 425 F.Supp. 232 (E.D. Wis. 1977) (class action rule for tolling contained in 29 U.S.C. § 256 controls over Fed. R. Civ. P. 23 rule regarding tolling of limitations)). *See also In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2009 WL 1649501, at *5 (E.D. La. June 9, 2009) (noting that Rule 23 class actions provide benefits to unnamed class members that do not inure to opt-in class members, such as tolling while class certification is pending).

[53] 29 U.S.C. § 255(a).

[54] Rec. Doc. 109.

[55] Defendants' motion lists this opt-in plaintiff as "Robert Nolan," but the consent form indicates that the opt-in plaintiff's name is actually "Robert Noland." *See* Rec. Doc. 38.

Brandin Prevost,[56] Harold Ramson, Ira Thomas, Ronald Ward, Troylyn Washington,[57] John Dimatteo, Corey Payne, McRay Mottley, and Carylenna Grant.

 **IT IS FURTHER ORDERED** that Defendants' motion is denied as to the claims of opt-in plaintiffs Stephanie Hudson and Carla Thomas.

 **NEW ORLEANS, LOUISIANA**, this 10th  day of January, 2017.

       *Nannette Jolivette Brown*

       **NANNETTE JOLIVETTE BROWN**
       **UNITED STATES DISTRICT JUDGE**

---

[56] Defendants' motion lists this opt-in plaintiff as "Brandon Prevost," but the consent form indicates that the opt-in plaintiff's name is actually "Brandin Prevost." *See* Rec. Doc. 61.

[57] *See* Rec. Doc. 109-2 at 3.