# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARSHALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1128** |
| **LOUISIANA STATE, et al.** | **SECTION: "G"(2)** |

## ORDER

Pending before the Court is Defendants Law Enforcement District for the Parish of Orleans and Marlin N. Gusman's "Motion to Dismiss."[1] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in part.

## I. Background

On April 9, 2015, Plaintiff Donald L. Marshall ("Plaintiff") filed a putative class action complaint against Sheriff Marlin N. Gusman, in his official capacity as Sheriff of Orleans Parish, and the Law Enforcement District for the Parish of New Orleans (collectively, "Defendants"), seeking unpaid wages and overtime under the Fair Labor Standards Act ("FLSA").[2] Marshall alleges that, in the three years prior to filing his complaint, he worked for Defendants as a deputy sheriff, and that he and other similarly situated individuals were not paid in compliance with the

---

[1] Rec. Doc. 118.

[2] Rec. Doc. 1 at 1. Marshall initially filed suit against the State of Louisiana as well, but the Court dismissed the state as a defendant, on sovereign immunity grounds, on September 21, 2015. Rec. Doc. 17.

FLSA.[3] Specifically, Plaintiff, on behalf of himself and others similarly situated, seeks wages and overtime for time spent less than 30 minutes prior to his shift and for up to 30 minutes after his shift for which he was not paid.[4] On January 22, 2016, the Court conditionally certified the action as a collective action pursuant to 29 U.S.C. § 216(b) and ordered that notice be sent to:

> All individuals who worked for or are working for Defendants, Marlin N. Gusman, in his official capacity as Sheriff of Orleans Parish, and the Law Enforcement District for the Parish of Orleans, who are or were employed at any of the following: Civil District Court; Criminal District Court; Municipal District Court; the Temporary Detention Center; the Orleans Parish Prison; Templeman Phase V; the Tents; and the Conchetta facility, performing the duties of a sheriff's deputy, and working on a tour of duty shift schedule, in the three years directly preceding April 9, 2015, and who are or were eligible for overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and who did not receive overtime pay or straight time pay for hours actually worked.[5]

After notice was sent, ninety-nine individuals opted in to the action by filing a consent and joinder with the Court.[6] On August 1, 2016, Plaintiff sent out a discovery questionnaire to the opt-in plaintiffs.[7] On November 4, 2016, Defendants filed a motion with the magistrate judge to compel all of the opt-in plaintiffs to respond to the discovery questionnaire.[8] On November 21, 2016, the magistrate judge ordered that all opt-in plaintiffs who had not provided complete verified questionnaire responses must do so no later than November 30, 2016.[9] On December 12, 2016, Defendants filed the instant motion to dismiss the claims of certain opt-in plaintiffs for whom no

---

[3] Rec. Doc. 1 at 1.

[4] *See id.* at 8.

[5] Rec. Doc. 25 at 29.

[6] *See* Rec. Docs. 31, 33–39, 43–47, 49, 58–59, 61–62.

[7] *See* Rec. Doc. 70-2.

[8] Rec. Doc. 98.

[9] Rec. Doc. 106.

discovery questionnaire was completed.[10] Plaintiff filed an opposition to the motion on December 27, 2016.[11] With leave of Court, Defendants filed a reply on January 4, 2017.[12]

On January 10, 2017, the Court granted summary judgment as to the claims of seventeen opt-in plaintiffs,[13] eleven of whom are also listed in Defendants' motion to dismiss as opt-in plaintiffs who have not responded to the discovery questionnaire.[14] Those eleven opt-in plaintiffs are: Carylenna Grant, Corey Lewis, McRay Mottley, Robert Noland, Troylyn Washington, Kevin Jones, Brandin Prevost, Harold Ramson, Ira Thomas, Ronald Ward, and Corey Payne.[15]

Additionally, the Court granted joint motions for voluntary dismissal without prejudice of three of the opt-in plaintiffs listed in Defendants' motion to dismiss as opt-in plaintiffs who have not responded to the discovery questionnaire.[16] Those three opt-in plaintiffs are: John F. Florent, Jerrica Pierre, and Debra Jones.[17] The Court also previously granted a motion for voluntary dismissal without prejudice of one of the two opt-in plaintiffs listed in Defendants' motion as opt-in plaintiffs who have submitted an incomplete or unverified discovery questionnaire.[18] That opt-in plaintiff is George West.[19]

---

[10] Rec. Doc. 118.

[11] Rec. Doc. 137.

[12] Rec. Doc. 157.

[13] *See* Rec. Doc. 162 at 10–11.

[14] *See* Rec. Doc. 118-1 at 3–4.

[15] *See* Rec. Doc. 162 at 10–11.

[16] *See* Rec. Docs. 128, 136, 163.

[17] *See id.*

[18] *See* Rec. Doc. 128.

[19] *See id.*

In sum, the Court has granted summary judgment as to eleven opt-in plaintiffs listed in Defendants' instant motion to dismiss and has granted joint motions for voluntary dismissal without prejudice as to four of the opt-in plaintiffs listed in the motion. Therefore, the Court has already dispensed with the claims of 15 of the 53 opt-in plaintiffs listed in Defendants' motion to dismiss.[20] Accordingly, the Court will address Defendants' motion as to the claims of the remaining 38 opt-in plaintiffs.[21]

## II. Parties' Arguments

### A.   Defendants' Arguments in Support of the Motion to Dismiss

In their motion, Defendants assert that they have not received questionnaire responses from fifty-one opt-in plaintiffs and that they have received questionnaire responses that did not contain a verification or were otherwise incomplete from two opt-in plaintiffs.[22] Defendants argue that dismissal of these opt-in plaintiffs' claims with prejudice is warranted for their failure to comply with the magistrate judge's discovery order.[23] Defendants aver that the Fifth Circuit has set forth four factors to determine whether dismissal with prejudice is justified for failure to comply with a discovery order[24] and that each of the four factors weighs in favor of dismissal with prejudice of the opt-in plaintiffs' claims at issue.[25]

---

[20] *See* Rec. Doc. 118-1 at 3–4.

[21] The Court notes that Defendants list "Kenneth C. Tapp" as an opt-in plaintiff who has not returned a completed discovery questionnaire. *See* Rec. Doc. 118-1 at 3. However, the Court can find no evidence in the record of an individual by the name of Kenneth C. Tapp opting in to this collective action.

[22] Rec. Doc. 118-1 at 3–4.

[23] *Id.* at 5.

[24] *Id.* at 4–5 (citing *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)).

[25] *Id.* at 5.

First, Defendants contend that the failure to return complete and verified questionnaire responses is evidence of willfulness and/or bad faith.[26] Second, Defendants argue that lesser sanctions would not act as a deterrent or ensure questionnaires would be returned in a timely fashion, as Plaintiff's counsel has indicated that they have made repeated, unsuccessful attempts to gather the missing responses.[27] According to Defendants, courts frequently find that use of lesser sanctions would not act as a deterrent in FLSA actions where the opt-in plaintiffs have not responded to discovery requests.[28] Third, Defendants argue that prejudice is automatically presumed when plaintiffs fail to respond to the class-wide discovery.[29] Moreover, Defendants argue, they have in fact been prejudiced by the failure to return completed, verified questionnaires.[30] Defendants assert that they could have used the returned questionnaire responses as supporting evidence for their motion to decertify[31] and to ascertain which plaintiffs to depose.[32] Fourth, Defendants argue that there is no evidence that the failure to return complete, verified questionnaires is attributable to Plaintiff's counsel or to confusion regarding the magistrate judge's discovery order.[33] According to Defendants, the failure to complete the questionnaires is

---

[26] *Id.* (citing *Hernandez v. Starbucks Coffee Co.*, No 09-60073, 2011 WL 2729076, at *6 (S.D. Fla. June 22, 2011)).

[27] *Id.* at 6.

[28] *Id.* at 6–7.

[29] *Id.* at 7 (citing *Collozzi v. St. Joseph's Hosp. Ctr.*, No. 5:08-1220, 2010 WL 3433997, at *4 (N.D.N.Y. July 10, 2010).

[30] *Id.*

[31] Rec. Doc. 110.

[32] Rec. Doc. 118 at 8 (citing *In re Liquid Carbonic Truck Drivers Chem. Poisoning Litig. M.D.L. Docket No. 252*, 580 F.2d 819, 823 (5th Cir. 1978)).

[33] *Id.*

attributable to the opt-in plaintiffs themselves, and dismissal is warranted under Federal Rules of Civil Procedure 37 and 41.[34]

**B.      *Plaintiff's Arguments in Opposition to the Motion to Dismiss***

In opposition, Plaintiff argues that Defendants' motion to dismiss is untimely pursuant to the Court's Scheduling Order.[35] Although the Scheduling Order required all non-evidentiary motions to be filed in time to permit hearing thereon no later than December 7, 2016,[36] Plaintiff asserts that Defendants did not file the instant motion until December 12, 2016, with a hearing date set for January 4, 2017.[37] Plaintiff further asserts that Defendants could have filed the motion to dismiss prior to the discovery cutoff deadline of November 30, 2016, but elected not to do so.[38] Thereafter, Plaintiff argues, if any opt-in plaintiffs subject to the magistrate judge's discovery order submitted a completed questionnaire after the filing of Defendants' motion to dismiss, the motion to dismiss would simply have been mooted as to those opt-in plaintiffs.[39] Because Defendants did not file the motion to dismiss in compliance with the Court's Scheduling Order, however, Plaintiffs argue that the motion should be denied as untimely.[40]

---

[34] *Id.*

[35] Rec. Doc. 137 at 4.

[36] *Id.* (citing Rec. Doc. 66).

[37] *Id.*

[38] *Id.* at 5.

[39] *Id.*

[40] *Id.*

Next, Plaintiff contends that Defendants are not prejudiced by certain opt-in plaintiffs' failure to respond to the discovery questionnaire.[41]   According to Plaintiff, Defendants are in possession of, or should be in possession of, the information sought in the questionnaire.[42] For this reason, Plaintiff argues that the lack of discovery responses from certain opt-in plaintiffs did not prejudice Defendants in their ability to seek decertification.[43] Moreover, according to Plaintiff, Defendants' primary defense, that their lunch pay/auto deduct policy was a lawfully implemented policy, turns on the application of law, not on the circumstances of the individual employees.[44] Thus, Plaintiff argues, the lack of questionnaire responses did not prejudice Defendants in seeking decertification and will not prejudice them in their ability to assert a defense to this action.[45]

## C.   *Defendants' Reply in Further Support of the Motion to Dismiss*

In their reply, Defendants argue that good cause exits for the untimely filing of their motion to dismiss.[46] In order to comply with the Court's Scheduling Order, Defendants aver, they would have had to file their motion to dismiss on November 22, 2016, in order to allow hearing thereon no later than December 7, 2016.[47] According to Defendants, the magistrate judge issued an order requiring all opt-in plaintiffs who had not provided complete, verified questionnaire responses to do so no later than November 30, 2016, eight days after the submission deadline for dispositive

---

[41] *Id.* at 6.

[42] *Id.*

[43] *Id.* at 7.

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 157 at 2.

[47] *Id.* (citing Rec. Doc. 64).

motions.[48] Defendants argue that their motion would have been premature if they had filed it by

November 22, 2016, because the opt-in plaintiffs who had not returned questionnaire responses

would not have been in violation of the magistrate judge's order that they submit completed

questionnaires by November 30, 2016.[49] Defendants argue that because "the timely filing of

Defendants' motion was impractical given the circumstances," good cause exists for the untimely

filing.[50] Defendants further argue that Plaintiff did not suffer any prejudice as a result of the

untimely filing.[51] Finally, Defendants contend that they have been prejudiced by the opt-in

plaintiffs' failure to complete the questionnaire, because the questionnaire responses would

provide "critical information" regarding the sheriff's deputies' meal periods.[52] Defendants argue

that, despite Plaintiff's assertions to the contrary, they are not in possession of this information

about the deputies' lunch break, which is important to the case.[53]

### III. Law and Analysis

#### A.    *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), where an action is pending a court

may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery

. . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[54] Possible

---

[48] *Id.* (citing Rec. Doc. 106).

[49] *Id.* at 2–3.

[50] *Id.* at 3.

[51] *Id.*

[52] *Id.*

[53] *Id.* at 4.

[54] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[55] Pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[56]

"Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[57] A clear record of delay is found where there have been "significant periods of total inactivity."[58] Dismissal with prejudice is a "draconian remedy, which the district court should impose only as a matter of last resport."[59] Thus, in addition to willfulness and a clear record of delay, several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) the violation of the discovery order must attributable to the client instead of the attorney; (2) the violating party's misconduct must substantially prejudice the opposing party; and (3) a less drastic sanction would not substantially achieve the desired deterrent effect.[60]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to

---

[55] Fed. R. Civ. P. 37(b)(2)(A)(v).

[56] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[57] *Coane v. Ferrara Pan Candy Co*., 898 F.2d 1030, 1032 (5th Cir. 1990).

[58] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

[59] *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

[60] *Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

comply with multiple court orders."[61] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[62] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim."[63] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[64]

## B.   *Analysis*

It is undisputed that Defendants filed the instant motion to dismiss on December 12, 2016, after the November 22, 2016 deadline for non-evidentiary motions set forth in the Court's Scheduling Order.[65] However, Defendants argue that good cause exists for the untimely filing,[66] because the magistrate judge issued an order on November 21, 2016, requiring all opt-in plaintiffs "who had not provided complete verified questionnaire responses" to do so by November 30, 2016.[67] Given the magistrate judge's order, Defendants maintain that it would have been premature

---

[61] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[62] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[63] *Id.*

[64] *Id.*

[65] *See* Rec. Doc. 137 at 4; Rec. Doc. 157 at 2.

[66] Rec. Doc. 157 at 2.

[67] *See* Rec. Doc. 106.

to file a motion to dismiss by the deadline set forth in the Court's Scheduling Order.[68] Federal district courts have the inherent power to enforce their scheduling orders,[69] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[70] The Court finds that good cause exists for the delayed filing of Defendants' motion and will therefore consider the motion on the merits.

Here, it is undisputed that the list in Defendants' motion, of opt-in plaintiffs who have not completed the discovery questionnaire is accurate.[71] Defendants argue that these opt-in plaintiffs' claims should be dismissed with prejudice for failure to obey a discovery order pursuant to Federal Rule of Civil Procedure 37(b)(2)[72] or for failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b).[73] Defendants argue that the opt-in plaintiffs' failure to respond is prejudicial, because it deprives them of critical information necessary to defend against the case, including discovery related to their motion to decertify and their selection of which opt-in plaintiffs to depose.[74] Plaintiff responds that Defendants were not prejudiced by the opt-in plaintiffs' failure to respond to the discovery questionnaires, because much of the information sought by Defendants in the questionnaires is already in Defendants' possession and Defendants'

---

[68] *See* Rec. Doc. 157 at 2–3.

[69] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[70] Fed. R. Civ. P. 16(b)(4).

[71] *See* Rec. Doc. 137 at 2 (Plaintiff conceding that "[t]he list provided by Defendants on pg. 3 of their Motion to Dismiss is an accurate list of those opt-in plaintiffs who have not returned their completed discovery questionnaires.").

[72] Rec. Doc. 118 at 1.

[73] *Id.*

[74] Rec. Doc. 118-1 at 8.

primary defense to the action turns on application of the law, not on the circumstances of individual employees.[75]

Dismissal of a plaintiff's action with prejudice is a "remedy of last resort"[76] and is reserved for situations where there is a clear record of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders.[77] Here, the parties agreed to utilize a discovery questionnaire in lieu of traditional discovery methods.[78] Moreover, it is undisputed that Defendants have not received questionnaire responses from the opt-in plaintiffs listed in Defendants' motion in violation of the magistrate judge's discovery order.[79]

As an initial matter, the Court notes that Defendants seek dismissal with prejudice of opt-in plaintiff Sybil A. Thomas ("Thomas"), because "the signature for Ms. Thomas' verification [of the discovery questionnaire] does not appear to be Ms. Thomas'."[80] However, Defendants do not attach Thomas' discovery questionnaire to their motion, and it does not appear in the record. Therefore, the Court is unable to ascertain whether Thomas did in fact fail to comply with the magistrate judge's discovery order and will deny dismissal as to Thomas' claim.[81]

---

[75] Rec. Doc. 137 at 7.

[76] *Doe v. Am. Airlines*, 283 Fed. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985).

[77] *See Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[78] *See* Rec. Doc. 118-1 at 2; Rec. Doc. 137 at 2.

[79] *See* Rec. Doc. 118-1 at 3; Rec. Doc. 137 at 2.

[80] Rec. Doc. 118-1 at 4 n.7.

[81] *See Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (sanction of dismissal with prejudice reserved for "reserved exclusively for clear

As to the remaining opt-in plaintiffs who the parties agree have not returned discovery questionnaires, the Court notes that the failure of these opt-in plaintiffs to respond to the discovery questionnaire prevents the Court from accurately determining whether they are similarly situated such that they could proceed collectively in this action.[82] However, the Court finds that Defendants have not demonstrated willful disobedience of a court order by the opt-in plaintiffs "accompanied by a clear record of delay or contumacious conduct"[83] such that the "draconian remedy"[84] of dismissal with prejudice would be warranted.[85]

Because dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim," it is an appropriate sanction only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[86] The Court finds that dismissal without prejudice would serve the best interests of justice.[87] Thus, the claims of the remaining non-responding opt-in plaintiffs will be dismissed without prejudice.

---

records of contumacious and continuing discovery misconduct or delay") (internal citations omitted).

[82] *See Arnold v. DirecTV, Inc.*, No. 4:10-00352, 2014 WL 3611842, at *1 (E.D. Mo. July 14, 2014).

[83] *Coane v. Ferrara Pan Candy Co*., 898 F.2d 1030, 1032 (5th Cir. 1990).

[84] *Doe*, 283 F. App'x at 291 (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

[85] *See Arnold*, 2014 WL 3611842, at *1 (denying defendants' motion to dismiss with prejudice the claims of opt-in plaintiffs in a FLSA collective action who had failed to respond to discovery questionnaires in violation of the trial court's order).

[86] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011).

[87] *Accord Arnold*, 2014 WL 3611842, at *1–2. *Cf. Perrin v. Papa John's Intern., Inc.*, No. 09-01335, 2014 WL 4749547, at *3 (E.D. Mo. Sept. 24, 2014) (denying defendants' motion for dismissal with prejudice of opt-in plaintiffs in collective FLSA action where parties had agreed that defendants could seek discovery through discovery questionnaire).

## IV. Conclusion

Plaintiff does not dispute that the opt-in plaintiffs listed in Defendants' motion have failed to return questionnaire responses to Defendants in violation of the magistrate judge's discovery order.[88] The Court notes that it has granted joint motions for voluntary dismissal as to opt-in plaintiffs John F. Florent,[89] Jerrica Pierre,[90] George West,[91] and Debra Jones.[92] Moreover, the Court has granted summary judgment as to the claims of the following eleven opt-in plaintiffs listed in Defendants' motion to dismiss: Carylenna Grant, Corey Lewis, McRay Mottley, Robert Noland, Troylyn Washington, Kevin Jones, Brandin Prevost, Harold Ramson, Ira Thomas, Ronald Ward, and Corey Payne.[93] The Court cannot determine on the record before it whether opt-in plaintiff Sybil A. Thomas' discovery questionnaire was properly verified and will therefore deny Defendants' request for dismissal of her claim.[94] As to the remaining opt-in plaintiffs who have failed to respond to the discovery questionnaire, the Court finds that dismissal without prejudice would serve the best interests of justice.[95]

Accordingly,

---

[88] *See* Rec. Doc. 118-1 at 3; Rec. Doc. 137 at 2.

[89] Rec. Doc. 136.

[90] Rec. Doc. 128.

[91] *Id.*

[92] Rec. Doc. 163.

[93] *See* Rec. Doc. 162.

[94] *See id.* at 4.

[95] *Accord Arnold*, 2014 WL 3611842, at *1–2. *Cf. Perrin v. Papa John's Intern., Inc.*, No. 09-01335, 2014 WL 4749547, at *3 (E.D. Mo. Sept. 24, 2014) (denying defendants' motion for dismissal with prejudice of opt-in plaintiffs in collective FLSA action where parties had agreed that defendants could seek discovery through discovery questionnaire).

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss"[96] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is granted in part to the extent that the Court will dismiss *without* prejudice the claims of the following opt-in plaintiffs: Donald Allen, Trenise A. Barnes, Jermaine Bias, Cynthia Carter, Kenya Christian, Darlena Cole, Juane Davis, David J. DeBlanc, Robin M. Honore, Kermit P. Williams, Sidney R. Dorsey, James L. Fried, Gerard D. Golden, Toccara T. Gorman, Damon J. Lewis, Dianne Luckett, Stevie McGill, Sharon M. Miller, Shelia Mossop, Nichole Holmes,[97] Erica Jeanpierre, Troyann Jefferson, Cynthia Jemison, Cortina Johnson, Debra A. Jones, Felicia Jones, Annette Lawson, Glenn Powell, Bobby E. Randle, Melvin Sparks, Thilero Tapp, Jerry Thomas, Norma Rae Thomas, Verkeicher Thomas, Don Wallace, Dwayne Washington, and Sheba House.

**IT IS FURTHER ORDERED** that the motion is denied in part to the extent that Defendants seek dismissal *with* prejudice of the opt-in plaintiffs who have not completed the discovery questionnaire and who were not dismissed with prejudice for other reasons.

**IT IS FURTHER ORDERED** that the motion is denied in part to the extent that Defendants seek to dismiss the claim of opt-in plaintiff Sybil A. Thomas for the alleged failure to include a verification in her discovery questionnaire.

---

[96] Rec. Doc. 118.

[97] Defendants listed this opt-in plaintiff as "Nichole Holes," but the record indicates that the opt-in plaintiff's name is actually "Nichole Holmes." *See* Rec. Doc. 44.

**IT IS FURTHER ORDERED** that the motion is denied in part as moot as to the claims of opt-in plaintiffs John F. Florent, Jerrica Pierre, George West, and Debra Jones, because the Court has already granted joint motions for voluntary dismissal of their claims without prejudice.[98]

**IT IS FURTHER ORDERED** that the motion is denied in part as moot as to the claims of Carylenna Grant, Corey Lewis, McRay Mottley, Robert Noland, Troylyn Washington, Kevin Jones, Brandin Prevost, Harold Ramson, Ira Thomas, Ronald Ward, and Corey Payne, because the Court has already granted summary judgment as to their claims.[99]

**NEW ORLEANS, LOUISIANA**, this 10th day of January, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[98] *See* Rec. Doc. 136; Rec. Doc. 128, Rec. Doc. 163.

[99] *See* Rec. Doc. 162.